**Yi Shu LI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 04–6079–AG.**

United States Court of Appeals, Second Circuit.

Feb. 27, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Alexander K. Yu, New York, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Colombia, Madelyn E. Johnson, William R. Cowden, Assistant United States Attorneys, District of Colombia, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yi Shu Li petitions for review of the BIA's October 2004 decision affirming an immigration judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Where, as here, the BIA summarily affirms the IJ, this Court reviews the IJ decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court then reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The IJ determined Li's testimony incredible because Li (1) openly admitted to lying during his airport and credible fear interviews; and (2) failed to corroborate his testimony with appropriate documentation.

The IJ's first reason for the adverse credibility determination was that Li testified inconsistently with statements made during his asylum and credibility fear interviews, specifically with respect to the fact that his wife was pregnant with their third child. When confronted with this discrepancy, Li blamed the mistake on "snakehead" who had helped him into the country. In light of the fact that Li was warned on both occasions of the importance of stating the truth, Li's explanation of his lie is unacceptable. The discrepancies between Li's interviews and his testimony before the IJ are central to Li's claim of persecution. The IJ, therefore, acted within his discretion as factfinder to consider Li's explanation inadequate.

An IJ may rely on airport statements in deciding an applicant's credibility if "the record of the interview indicates that it presents an accurate record of the alien's statements, and that it was not conducted under coercive or misleading circumstances." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004) (citing *Balasu-*

*bramanrim v. INS*, 143 F.3d 157, 162 (3d Cir.1998)). Minor factual discrepancies between the airport interview and the alien's application and hearing testimony are not detrimental to the alien's credibility, but "where the alien's airport statements and his or her later testimony present materially different accounts of his or her purported persecution, however, the inconsistencies may render the alien's testimony incredible." *Id.* at 180–181. Four factors must be used in evaluating the reliability of the airport interview as a source of the alien's statements, and the statements themselves: First, a record of the interview that is merely a summary or paraphrase of the alien's statements is less reliable than a verbatim account or transcript; second, an airport interview that is not designed to elicit the details of an asylum claim is similarly less reliable; third, an interview may be deemed less reliable if the alien seems reluctant to reveal information due to prior interrogation sessions or other coercive experiences in his or her own country; and fourth, if the alien's answers to the questions suggest that the alien does not understand English or the translations provided by the interpreter, the alien's statements should be deemed less reliable. *Id.* at 180 (internal citations omitted). A record that is "typewrittten, signed by [the alien], and initialed ... on each page" is one that "bears the hallmarks of accuracy." *Id.* at 181.

Here, the record contains a transcript of Li's airport interview, and that transcript indicates that the interview was designed to elicit detail of an asylum claim. Furthermore, there is no evidence that Li was reluctant to reveal information or that he had any trouble understanding the questions posed to him in the Fuzhou language. Finally, this transcript "bears the hallmarks of accuracy" as it was typed, signed at the end, and initialed by him on each page. The statements made during that interrogation concerning Li's fear of return to China directly contradict those he made later in his credible fear interview and during his hearing testimony, and go to material elements of his claim for relief. As such, the IJ was correct in using the discrepancies between Li's airport interview and his subsequent testimony as a basis for the adverse credibility finding.

The IJ also denied Li's asylum claim because he failed to provide sufficient documentation of his claims. An applicant can be faulted for failing to supply corroborating documents if the documents were reasonably expected and the applicant had accessibility to these documents. *See Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir. 2003); *Diallo v. INS*, 232 F.3d 279, 285–86 (2d Cir.2000) The IJ determined that the documents were reasonably obtainable and rejected Li's explanations for why they were not submitted.

The IJ first pointed to the discrepancy with Li's medical documentation. The IJ found the documentation failed to guarantee that the female referred to in the document was in fact Li's wife. Upon closer examination of the record, the documentation clearly identifies Li's wife as having had her fallopian tubes tied. The X-ray report clearly lists Gui Ying Lin as the name of the patient who received a "bilateral tubal ligation." Although the IJ's finding with respect to the medical documentation is incorrect, the IJ properly found that, irregardless of the submitted documentation, Li failed to provide contemporaneous documents that were issued in 1996 to reflect that his wife had been sterilized at that time. The IJ also found that Li had failed to provide any documentation regarding the fact that he was fined for being in violation of the one-child family policy.

Because the IJ correctly determined that Li was not credible and therefore did not meet his burden of proof for asylum, it necessarily follows that the IJ's finding that he did not meet the higher burden for withholding of removal was proper.

"[A] court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Whether the cause for the failure to exhaust is an applicant's failure to file an appeal with the BIA, or the failure to present the "discrete issue" later raised in a petition for review, this Court lacks jurisdiction over such unexhausted issues. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). Because Li did not raise his CAT argument in his appeal before the BIA, he has failed to exhaust this issue before the agency.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).